IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01363-BNB

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 0 0 2008

GREGORY C. LANGHAM
CLERK

JERRY WATSON,

Applicant,

v.

KEVIN MILYARD, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

---

ORDER OF DISMISSAL

---

I. Background

Applicant Jerry Watson is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Sterling, Colorado, Correctional Facility. Mr. Watson initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in the Arapahoe County District Court in Case No. 96CR541. In an order filed on July 23, 2008, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response (Pre-Answer) limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On August 1, 2008, Respondents filed a Pre-Answer, as well as an Amended Pre-Answer on September 19, 2008, a Supplement on November 7, 2008, and a Second

Supplement on November 13, 2008. Mr. Watson filed a Reply to the Pre-Answer on August 20, 2008, and an Amended Reply on October 3, 2008.

In his Application, Mr. Watson asserts that he pled guilty to one count of aggravated robbery and received a sixteen-year sentence running consecutive to his State of Missouri conviction. (Application at 2.) Mr. Watson states that the judgment of conviction was entered on April 15, 1996. He further states that he filed a Colo. R. Crim. P. 35(c) postconviction motion on August 16, 2005, and that the motion was denied by the state's highest court on October 11, 2007.

In the Amended Pre-Answer, Respondents assert that Mr. Watson pled guilty on April 15, 1996, to one count of aggravated robbery and was sentenced to a term of sixteen years of incarceration in the DOC on June 19, 2996. (Am. Pre-Answer at 1-2.) They further assert that Mr. Watson sought reconsideration of his sentence on July 30, 1996, but the trial court denied the motion on August 4, 1997. (Am. Pre-Answer at 2.) Mr. Watson also filed a motion in the trial court on September 16, 2002, requesting to serve his Colorado sentence concurrently with his Missouri sentence, which the trial court denied on February 19, 2003. (Am. Pre-Answer at 2.)

Respondents further state that Mr. Watson filed a Colo. R. Crim. P. 35(c) motion and a motion to correct an illegal sentence under Colo. R. Civ. P. 65 on August 16, 2005. (Am. Pre-Answer at 2.) The trial court denied the motions, and Mr. Watson filed a notice of appeal on May 3, 2006. (Am. Pre-Answer at 2.) After the court of appeals denied the motions as time-barred, Mr. Watson filed a petition for rehearing that was denied on August 23, 2007. (Am. Pre-Answer at 2-3.)

II. Analysis

The Court must construe liberally Mr. Watson's Application, Reply, and Amended Reply because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

A. 28 U.S.C. § 2244(d) Time-Bar

Under 28 U.S.C. § 2244(d), the statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents, citing to Colo. App. R. 4(b), assert that because Mr. Watson did not file a direct appeal his judgment of conviction became final on August 3, 1996, when the time expired in which to seek a direct appeal. (Am. Pre-Answer at 5.) Nonetheless, prior to the expiration of the forty-five days, Mr. Watson filed a Rule 35(b) motion for reconsideration of his sentence, allowing the time under § 2244(d) to be tolled until August 4, 1997, when the trial court denied the motion. (Am. Pre-Answer at 5.) Respondents contend that Mr. Watson's second motion for reconsideration, filed on September 16, 2002, did not toll the time under § 2244(d) because the motion was filed more than 120 days after he was sentenced. (Am. Pre-Answer at 5-6.)

Respondents also assert that Mr. Watson's Rule 35(c) postconviction motion, filed on August 16, 2005, was untimely, under Colo. Rev. Stat. § 16-5-402, because he had filed the motion over six years after the three-year statute of limitations had expired. (Am. Pre-Answer at 6.) Respondents contend that, since Mr. Watson's Rule 35(c) postconviction motion was not properly filed, the statute of limitations under § 2244(d) is not tolled. (Am. Pre-Answer at 6.) Finally, Respondents conclude that the instant action, therefore, was filed nine years, eleven months, and ten days after the expiration of the one-year time limitation. (Am. Pre-Answer at 6.)

Upon review of the exhibits filed by Respondents and Applicant, the Court finds the following. Mr. Watson was sentenced on June 19, 1996, and his conviction became

4

final on August 5, 1996. *See* Colo. App. R. 4(b) and 26(a). He filed a motion for reconsideration prior to August 5, 1996, extending the time that was tolled under 28 U.S.C. § 2244(d) until August 4, 1997, when the trial court denied the motion. (Am. Pre-Answer, LexisNexis Docket at 5-6, and Sec. Supplement at App. B.) Mr. Watson also filed an additional motion for reconsideration on October 16, 1996, that was denied on August 4, 1997, along with the first motion for reconsideration. (Am. Pre-Answer, LexisNexis Docket at 5-6 and Sec. Supp. at App. B.) On September 16, 2002, Mr. Watson filed a motion to run his Colorado sentence concurrent with his Missouri sentence, which the trial court denied on February 19, 2003. (Am. Pre-Answer, LexisNexis Docket at 6.) Mr. Watson filed a letter on October 14, 2004, that the trial court construed as a Rule 35(b) motion and denied on November 19, 2004. (Sec. Supp at App. B.)

Finally, on August 16, 2005, Mr. Watson filed a Rule 35(c) postconviction motion. (Am. Pre-Answer, LexisNexis Docket at 7.) The trial court denied the motion on March 22, 2006, Mr. Watson appealed the denial, and on April 5, 2007, the Colorado Court of Appeals affirmed the trial court's denial. (Am. Pre-Answer, LexisNexis Docket at 7 and Pre-Answer, App. B at 2.) Mr. Watson filed a petition for rehearing of the court of appeals' decision, which was denied on August 23, 2007. (Pre-Answer at App. D.) Mr. Watson failed to petition for a certiorari review after the rehearing petition was denied, and as a result the Rule 35(c) postconviction motion became final on September 22, 2007. *See* Colo. App. R. 26(a) and 52(3); (Pre-Answer at Apps. D and E.)

Even if the Court were to find that all postconviction motions were properly filed, for purposes of 28 U.S.C. § 2244(d), the time is not tolled for a total of about eight

5

years, including from August 5, 1997, the day after his motions for reconsideration were denied, until September 15, 2002, the day prior to when he filed a motion to run his sentences concurrent with his Missouri sentence; from February 20, 2003, the day after the trial court denied his September 16, 2002, motion, until October 13, 2004, the day prior to when he filed a third motion for reconsideration pursuant to Colo. R. Crim. P. 35(b); from November 20, 2004, the day after the trial court denied his October 14, 2004, motion for reconsideration, until August 15, 2005, the day prior to when he filed his Rule 35(c) motion; and from September 23, 2007, the day after his Rule 35(c) motion became final, until April 1, 2008, the day prior to when Mr. Watson filed the instant action in the United States District Court for the Western District of Oklahoma. As a result, the Court finds that the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

Mr. Watson does not allege in either the Application, the Reply, or the Amended Reply that there are any constitutional rights newly recognized by the Supreme Court that apply to his case or that the factual predicate of the claim or claims presented could not have been discovered through the exercise of due diligence. He also, based on the findings below, does not assert that there were impediments to filing an application which were created by state action.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively

pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently. *See Miller*, 141 F.3d at 978. The inmate must allege with specificity the steps he took to diligently pursue his federal claims. *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008). Finally, Mr. Watson bears the burden of demonstrating that equitable tolling is appropriate in this action. *See Miller*, 141 F.3d at 978.

Mr. Watson asserts that, after he was convicted and sentenced in the State of Colorado criminal case at issue in the instant action, he was returned to the State of Missouri to serve his sentence in a criminal conviction in that state. (Application at 5.) Applicant contends that during the nine years he was incarcerated in Missouri he was precluded from challenging his Colorado conviction because the Missouri prison facility did not have copies of the Colorado statutes. (Application at Ex. A.) He further asserts that he tried every available avenue to obtain the necessary state materials but was unsuccessful due to the lack of reasonable access. (Application at Ex. A.)

The United States Court of Appeals for the Tenth Circuit has routinely held that bare allegations of the denial of access to legal resources, such as Mr. Watson has set forth, are insufficient, when standing alone, to justify equitable tolling. *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) ("[A] claim of insufficient access to relevant law . . . is not enough to support equitable tolling."); *Miller*, 141 F.3d at 978 ("It is not

enough to say that the [out of state] facility lacked all relevant statutes and case law . . . .").

Mr. Watson fails to assert with specificity how he attempted to obtain the necessary legal materials but was unsuccessful. He does not assert that he requested the alleged needed materials and was denied. He simply states that he tried every avenue and was unsuccessful. The Court finds that Mr. Watson fails to demonstrate that equitable tolling is appropriate, and the instant action is barred by the one-year limitation period.

Mr. Watson also asserts in his Reply that the one-year time limitation does not apply to him because his judgment of conviction became final on April 15, 1996, before the April 24, 1996, effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA). Mr. Watson is incorrect. First, he was not sentenced until June 19, 1996, and his conviction was not final until August 5, 1996, *see* Colo. App. R. 4(b) and 26(a). Second, the AEDPA does apply to individuals whose sentences became final prior to April 24, 1996, *see **United States v. Simmonds**, 111 F.3d 737, 745-46 (10th Cir. 1997).

### B. State-Court Exhaustion

Because the action clearly is time-barred, the Court will refrain from addressing whether Mr. Watson has exhausted his state court remedies.

### III. Conclusion

Based on the above findings, the Court will deny the Application and dismiss the action as barred from federal habeas review because the Application is time-barred under 28 U.S.C. § 2244(d).

The Court also notes that Mr. Watson filed a Supplemental Reply on October 3, 2008, in which he asserts that the trial court's order entered on August 4, 1997, only denied his request for the court to rule on the motions for reconsideration he filed on July 30, 1996, and October 16, 1996. (Supp. Reply at 2.) He argues that as a result the motions for reconsideration still are pending. (Supp. Reply at 2.) Applicant also attached to the Supplemental Reply, as proof that the trial court did not rule on his motions for reconsideration, what he alleges is a copy of the trial court's November 19, 2004, order, which refers to the trial court's August 4, 1997, order. Mr. Watson's copy of the alleged November 19, 2004, order reads, on page two of the order at subparagraph "E.," "[o]n August 4, 1997, the Court denied Defendant's motion."

Respondents filed with the Court on November 13, 2008, a copy of the same order. The order, however, at subparagraph "E." reads, "[o]n August 4, 1997, the Court denied Defendant's motion for reconsideration of sentence." The spacing between subparagraphs "E." and "F.," in the copy of the order provided by Mr. Watson, clearly indicates that a portion of subparagraph "E." has been redacted.

Mr. Watson is warned that providing fraudulent documents to the Court at the least, under Fed. R. Civ. P. 11 (b)(1) and (3), may subject him either to filing or money sanctions or to both. He also may be subject to criminal contempt of court. Accordingly, it is

9

ORDERED that the Application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that any new action initiated in this Court by Mr. Watson, in which the Court determines fraudulent documents have been submitted to the Court by Mr. Watson, will subject him to consideration for sanctions and for criminal contempt of court.

DATED at Denver, Colorado, this 9 day of December, 2008.

BY THE COURT:

_Zita L. Weinshienk_
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01363-BNB

Jerry Watson
Prisoner No. 125134
Sterling Correctional Facility
PO Box 6000 - 2-A-1-11
Sterling, CO 80751

Susan Eileen Friedman
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 12/9/08

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk